IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LILLIAN JOHNSON**                      **PLAINTIFF**

**v.**                          **CAUSE NO. 3:11-CV-599-CWR-FKB**

**TODD SPANGLER; MICHAEL ASTRUE, Commissioner of Social Security**       **DEFENDANTS**

### ORDER

Before the Court are the defendants' motion to dismiss Todd Spangler, Docket No. 11, the Magistrate Judge's Report and Recommendation, Docket No. 14, and the plaintiff's objection to the Report and Recommendation, Docket No. 15. The Magistrate Judge recommends dismissing Spangler with prejudice and dismissing Michael Astrue without prejudice. *Id.* Having considered the facts, parties' arguments, and applicable law, the objection will be sustained in part and the Report and Recommendation will be adopted in part.

**I.**      **Background**

In this case, plaintiff Lillian Johnson appeals the Social Security Administration's denial of disability benefits. Docket No. 1. Defendant Spangler was the Administrative Law Judge (ALJ) who ruled upon Johnson's case. *Id.* Defendant Astrue is the Commissioner of the Social Security Administration.

On December 11, 2012, the Magistrate Judge issued a Show Cause Order directing Johnson to explain why the defendants had not been served with process within 120 days of the filing of her complaint, as required by Rule 4(m). Docket No. 10. Johnson's response was due by December 27. *Id.*

On December 13, 2012, the defendants moved to dismiss Spangler, arguing that ALJs are not proper defendants in Social Security appeals. Docket No. 11.

On January 3, 2013, Johnson filed a consolidated response to the Show Cause Order and the motion to dismiss. Docket No. 13. Her response set forth her employment history and why she believed she was entitled to Social Security disability benefits, but did not address service of process or the defendants' argument for dismissing the ALJ. *Id.*

On January 14, 2013, the Magistrate Judge issued a Report and Recommendation. Docket No. 14. It recited this case's history, found that Johnson had failed to address the issue presented in the Show Cause Order, and found that Johnson had not filed a substantive response to the defendants' motion to dismiss. *Id.* The Magistrate Judge recommended dismissing Spangler with prejudice and dismissing Astrue without prejudice. *Id.*

Johnson sought and received an extension to object to the Report and Recommendation, *see* Text-Only Order of January 31, 2013, and subsequently filed her objection. Docket No. 15. In it, she states that during the 120-day period for service of process, her disease "was out of control and needed immediate medical attention. . . . I lost track of time to respond to the Order to Show Cause nor the Motion to Dismiss." *Id.* Johnson requests 90 days to name the proper party in her suit. *Id.*

**II.   Discussion**

Johnson has presented no argument as to why the ALJ is a proper defendant in this suit. He is not. The Commissioner of Social Security is the proper defendant in these cases. 42 U.S.C. § 405(g). Accordingly, the Court will adopt the Report and Recommendation on this point, grant the defendants' motion to dismiss, and dismiss Spangler from this case with prejudice.

It is true that Astrue was not served within 120 days of the filing of the complaint. But a review of the docket sheet suggests that the error was not Johnson's. On October 4, 2011, the Magistrate Judge ordered the Clerk of Court to mail Johnson the appropriate summons forms. Docket No. 3. The docket sheet reveals that the forms were mailed on April 19, 2012 – a delay of more than six months. Johnson returned two summons forms relatively promptly: one (for Spangler) on May 8, and another (for Astrue) on June 20. Docket Nos. 5, 7. Spangler's was returned unexecuted on May 16, while Astrue was served on June 25.[1] Docket Nos. 6, 8.

At the beginning of this case, the Court wrote that "[a] delay in service of the defendant beyond this 120 days <u>which is attributable to the plaintiff</u> could result in dismissal of the case." Docket No. 3 (emphasis added). Were it not for the Clerk's delay, though, these summons would have been issued and returned within 120 days. This constitutes good cause to not dismiss Astrue from the case.

There is one final issue to take up. The Rules of Civil Procedure require federal agencies to

---

[1] The fact that Spangler was never served is itself an independent basis for dismissing him from this suit.

be served with three summons: one to the agency in question (*i.e.*, the Social Security Administration), one to the United States Attorney General in Washington, D.C., and one to the United States Attorney for the district in which the action is brought (*i.e.*, the Southern District of Mississippi). *See* Fed. R. Civ. P. 4(i)(1); *see also Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) ("Service upon the United States [and a federal agency] is not complete until the plaintiff complies with the requirements relevant to both the United States attorney and the Attorney General."). Johnson has only served the Social Security Administration.

Counsel for Astrue have entered an appearance and are participating in the case; they moved to dismiss Spangler on November 29, 2012. Docket No. 9. They have not argued that Johnson's suit should be dismissed for failure to serve the Attorney General and the U.S. Attorney for the Southern District of Mississippi. Within 10 days, therefore, counsel for Astrue shall notify the Court whether present service is sufficient for this case to proceed, or instead whether Johnson must serve the remaining two government offices. If the government is ready to proceed, it should file its answer and a certified copy of the underlying record in an appropriate time frame. *See* Docket No. 4 (Order Directing Filing of Briefs).

### III.  Conclusion

The Report and Recommendation is adopted in part as it relates to defendant Spangler; therefore, the defendants' motion to dismiss is granted. Todd Spangler is hereby dismissed with prejudice. As to defendant Astrue, Johnson's objection is sustained. Within 10 days, the government shall notify the Court and the plaintiff how it wishes to move this matter forward.

**SO ORDERED**, this the 7th day of February, 2013.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE