# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LILLIAN JOHNSON**                                                               **PLAINTIFF**

**v.**                                               **CAUSE NO. 3:11-CV-599-CWR-FKB**

**CAROLYN W. COLVIN,** *Acting*                              **DEFENDANT**
*Commissioner of Social Security*

## ORDER

This matter is before the Court on its own review of the docket sheet.

**I.**     **Background**

In September 2011, Lillian Johnson filed this case to appeal the Social Security Administration's denial of disability benefits. Docket No. 1.

In January 2013, the United States Magistrate Judge assigned to this case issued a Report and Recommendation proposing to dismiss this matter for Johnson's failure to serve the defendants with process within the allotted time. Docket No. 14.

On February 7, 2013, the undersigned agreed that Johnson had not properly served the defendant with process. Docket No. 16. Specifically, while she had served the Social Security Administration, she had failed to serve the U.S. Attorney General in Washington, D.C. and the U.S. Attorney for the Southern District of Mississippi, as required by Federal Rule of Civil Procedure 4. *Id.* at 3. The Court asked counsel for the government to weigh in on "whether present service is sufficient for this case to proceed, or instead whether Johnson must serve the remaining two government offices." *Id.*

On February 19, the government responded. Docket No. 17. It stated its position that because "there has not been valid service of process," "any proceedings would be void." *Id.* at 2.

On February 27, therefore, the Court entered a Text Order stating the following:

> TEXT-ONLY ORDER. Pursuant to Federal Rule of Civil Procedure 4, and in light of the government's response re: service of process [Docket No. 17], the plaintiff is directed to properly serve the Attorney General and the U.S. Attorney for the Southern District of Mississippi by March 29, 2013. Proofs of completed service shall be filed with the Clerk of Court. If the plaintiff fails to serve those agencies by that deadline, the case will be dismissed. (Copy mailed to plaintiff at address listed on docket sheet.) Signed by District Judge Carlton W. Reeves on 2/27/2013. NO

FURTHER WRITTEN ORDER SHALL ISSUE.

Text-Only Order of Feb. 27, 2013.

On March 22, the Clerk of Court issued two summons: one for Jim Hood, Attorney General of the State of Mississippi, and another for Greg Davis, the U.S. Attorney for the Southern District of Mississippi. Docket No. 18. Davis was served by the U.S. Marshal Service on April 1. Docket No. 19, at 1. The Mississippi Attorney General's Office was served by the U.S. Marshal Service on April 2. *Id.* at 2.

On April 5, the government filed a notice summarizing the proceedings and requesting that this case be dismissed for failure to serve the appropriate officers or agencies within the Court-mandated time. Docket No. 20.

**II. Discussion**

Johnson has now served two out of the three appropriate federal agencies or officers: the Social Security Administration and the local U.S. Attorney.[1] But she has failed to serve the U.S. Attorney General as required by Rule 4(i)(1). *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

In February 2013, this Court wrote that the U.S. Attorney General was located in Washington, D.C. Docket No. 16, at 3. Rule 4(i)(1)(B) also states that the U.S. Attorney General is in Washington, D.C. Johnson, however, has served Jim Hood, the Attorney General of the State of Mississippi, in Jackson, Mississippi. Docket Nos. 18-19. Jim Hood is an officer of the State of Mississippi. He has no responsibility for Social Security cases.

Johnson's extended time in which to properly serve the defendant has now expired. Failure to serve all three agencies or officers within the extended time period means her case will be dismissed. *See Lindsey*, 101 F.3d at 448; *Hamad v. Gov't of U.S.*, 236 F. App'x 97, 98 (5th Cir. 2007) (unpublished); *Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) ("Service upon the United States [and a federal agency] is not complete until the plaintiff complies with the requirements relevant to both the United States attorney and the Attorney General.").

---

[1] Service on the local U.S. Attorney was untimely. Although this Court had extended until March 29 the time for service on that office, service was not completed until April 1. However, the Court will excuse the untimely service of the U.S. Attorney because it is not clear how long it took the U.S. Marshal Service to receive the issued summons and serve it on that office.

The Court is sympathetic to the fact that the plaintiff served the wrong Attorney General. It is also sympathetic to the fact that the plaintiff is proceeding *pro se*. Her *pro se* status, however, does not trump her obligation to comply with the law and the procedural rules including effecting service of process on the defendant. *See Maxwell v. Hininger*, No. 5:10-cv-130, 2013 WL 1183066, at *3 (S.D. Miss. Mar. 21, 2013); *Washington v. Jackson State Univ.*, No. 3:10-cv-424, 2013 WL 773467, at *2 (S.D. Miss. Feb. 28, 2013).

The fact that this case is more than 18 months old and has not completed the fundamental step of service of process, even with an extension of time and *specific instructions*, weighs heavily against permitting it to go forward. The Court also recognizes that had Johnson sought new summons earlier than the very last week possible, she may have been able to identify that Jim Hood was the wrong Attorney General and correct the mistake in time. Unfortunately, however, there is no good cause for a further extension of the time to serve the defendant. As a result, dismissal is appropriate.

### III. Conclusion

For these reasons, this case is dismissed.

**SO ORDERED**, this the 8th day of April, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE